IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN P. ZOMACK | : | |
| Plaintiff | : | |
| v | : | Civil Action No. DKC-07-2304 |
| DEPT. OF MENTAL HEALTH | : | |
| Defendant | : | |

o0o

## MEMORANDUM

The above-captioned civil rights action was filed on August 29, 2007, raising two claims regarding Plaintiff's confinement at Clifton T. Perkins Hospital.[1] Paper No. 1. First, Plaintiff alleges his personal property was taken from him by hospital staff when he was moved to another room. *Id*. Second, Plaintiff alleges that the patients at Clifton T. Perkins have no rights because they are not permitted to have sex when they want to do so. *Id*. For the reasons stated below, the complaint will be dismissed.

Plaintiff was found not criminally responsible for charges of arson on January 13, 1993, and since that date has been committed to the custody of Respondent at Clifton T. Perkins Hospital. *See Zomack v. Md. Dept. of Mental Health and Hygiene*, Civil Action DKC-02-1619 (D. Md. 2002). In the case of Plaintiff's lost or stolen property, sufficient due process is afforded if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986). The right to seek

---

[1] Clifton T. Perkins is a Department of Mental Health and Hygiene facility housing offenders who have either raised a defense of Not Criminally Responsible (NCR) or have been adjudicated Not Criminally Responsible, or Incompetent to Stand Trial. In addition, the facility treats Division of Correction inmates meeting the criteria for involuntary commitment.

damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy.[2] *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[3]  The loss of his property does not state a federal constitutional claim and must be dismissed without prejudice.

Plaintiff's assertion that he and others committed to Clifton T. Perkins are not permitted to engage in sexual activity when they want to also does not state a constitutional claim.  Plaintiff may not assert a claim on behalf of others who are confined at Clifton T. Perkins.  *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975).  As a person involuntarily confined to a mental health facility, Plaintiff retains constitutional rights to reasonable care and safety. *See Youngberg v. Romeo*, 457 U.S. 307, 316 (1982).  Those retained rights do not include the right to engage in sexual relations.   Thus, the claim must be dismissed for failure to state a claim upon which relief may be granted.

A separate Order follows.


   September 28, 2007                                              _____/s/_____
Date                                                                                DEBORAH K. CHASANOW
                                                                                          United States District Judge

---

[2] Plaintiff may avail himself of remedies under the Maryland's Tort Claims Act and through the Inmate Grievance Office.

[3] Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given *Juncker's* reliance on *Parratt* in dismissing plaintiff's due process claim.